Good morning, Your Honors. Diane Weisberg on behalf of the appellant, who are present in court, as well as Mr. Ditloff, who is counsel for Mr. Endy in the Dependency Court. In case the Court had any questions, I brought him along too. I'm here because of government databases again, and I was recently in front of 9th Circuit on Persaud 1, which is not reportable, versus the County of Santa Clara, because he also was in CWS-CMS, the CACI system, can't get his kids. In case of Mr. Khai, he can't get his job back working for LAUSD because he's in these government databases, although courts of competent jurisdiction have ruled he didn't do anything. I'm confused as to the facts, so let me have your help kind of clearing that up. For Mr. Khai, he's no longer in the CACI database. He lost two CACI hearings, then took a writ to the Superior Court and won. At this point, he's out of CACI. All right, so now he's in CWS-CMS. He's been in that all along. That's the first main database. And do you know what it says about him in that particular database? It says he is, I received the records during the original court hearing. I had some of the records. Your argument time is short, so if you could just focus on helping me understand factually what's going on here. There are over 221 separate fields of information in CWS-CMS. Does it say in CWS-CMS that the report is substantiated? I have no idea, Your Honor. They won't let him see it. It's in there. It doesn't matter what it says. Just being in there, you're guilty. Just being in that database shows you're guilty. There's no way to go in and audit it. There's no way to correct it. Do you know who has access to CWS-CMS? In the State of California, all 58 counties, 17 exceptions to Welfare and Under the Family Child Index, all of the companies like L.A. County, CAO's office, children's services, health services, mental health, the schools, it's all outlined in the brief as to who has access to CWS-CMS and there are I guess let me make my question more specific. Is it the case that the agencies and officials who have access to CWS-CMS are all geared towards the protection of the minors? No, Your Honor. What does the CAO's office need? Your records regarding a child abuse investigation that occurred and it's unfounded. There's no correlation to that. If you've never been in front of the Department of Mental Health, why would they need your records of a child abuse investigation that says there's no correlation and you've never been substantiated? What they're doing is giving out information, including private information, to all of these other agencies, unfettered access. And it's substantiated and And upon what authority are you basing the claim or allegation that there's unfettered broad access for purposes beyond the protection of the minors? Because of the fact that if you've never been in front of the Department of Mental Health, if you've never received mental health services I think you've misunderstood my question. Is the authority that you're relying on for the allegation that there's unfettered access to agencies that can utilize it for purposes beyond just protecting the minors based on the statutory scheme in terms of who can actually access these databases? Because the statutory scheme doesn't say the restrictions of who can access them or why. All it says is I need an MOU between the counties and the agencies. All right. So if the scheme doesn't say who gets access and why, then what are you basing your claim that there's broad unfettered access on? Because of the fact that people can't get their jobs back. They can't get government clearances. They cannot get fingerprinted and participate in activities with their kids' schools because they're in the databases. The school districts have access to these. The school districts have access to the CWSCMS? Absolutely. All through the MOU. And now, if you're required, as you are by LA County, to go in and search FCI, the Family Child Index, on every referral you receive, you're searching for the history of that person. Let's say that person was arrested for possession of marijuana. It has nothing at all to do with child abuse. It has nothing at all. Maybe it was back when they were in the 60s in college. After Mr. Cai was removed from the CACI, CACI, I don't know if that's how it's referred to, was he denied his job with LA Unified after? Yes. And still maintain that the reason he cannot get his job back is because he's still in CWSCMS and the 500-plus statewide sub-database. Is that what he was told? Yes. From LAUSD. If I'm with a school district that has the MOU and has access to the CWSCMS, and I ask for what CWSCMS has on a potential applicant, John Doe, and John Doe is not there, when I get that information from CWSCMS about John Doe, will it say that the charges were found unsubstantiated? It may or it may not. That's part of the problem. Depending on what? It would depend on whether somebody actually sat there and updated the databases, whether the database dump was then updated again to the Family Child Index. It would also be contingent on whether or not they, what day they were not, it's going to say it was here. If the system works the way it's designed, then when someone is removed from CACI because a charge was found unsubstantiated, the CWSCMS system should be updated, right? Well, technically, the system is supposed to be updated, but it's not always. And the problem is there's no way for somebody to walk in and say, listen, I want to check my data, and if it's wrong, I want it corrected, because nobody knows they're in it. Is this an as-applied challenge or a facial challenge, or does that distinction not apply in this context? I think in this case, it doesn't matter, Your Honor. I think whatever challenge you're looking at, it's the fact that people are in these government databases, don't know it, and the information is used against them. Just the fact that they're in the database. Would there be a problem if the information is corrected in the underlying CWSCMS database? One of the reasons the Ninth Circuit ordered CACI to clear everything out of their database except substantiated child abuse was for this very reason. You can't expect people to go through and clear out five million records of incorrect information. They're not going to do it. It's easier to order them to remove all inconclusive allegations and all unfounded allegations and leave the ones that are substantiated and then give a due process right to review it and appeal it. That's all I'm asking for. I'm not suggesting you should abolish all databases. We need them. Certainly the Department of Children's Services needs them. It's the unfettered access that scares me that's wrong, as it is in this case. So is it your argument then that given the level of access, if the information is corrected, then that would cure the problem? Except nobody's going to correct it, Your Honor. We're talking about over 20 million records a year going into this database. Who's going to sit there and correct them all? You have 58 counties in the state of California. If no one's going to correct the 20 million a year, then what's the remedy? The remedy is to remove, as I wrote in my brief, unfounded allegations from all of these databases. How can you do that without reviewing them? It's very easy. They did it with CACI in Humphreys and in Burt versus the County of Orange. If that's possible, then why do you say you can't review these 20 million? Because they're not going to sit. Who's going to sit and remove 20 million? Well, who's going to do what you want to? The state of California very easily. Why can't the state also then do all the 20 million that come in every year? Because the state says they're not responsible for the content. They're only responsible for maintaining it. That's why only L.A. County has been named in this case. If they aren't, then the remedy you're seeking is elusive. No, it's not. L.A. County can remove them very easily. L.A. County controls the database. All they have to do is remove the unfounded and inconclusive and grant the right to hear it. And how many million is that? For L.A. County? Yes. Pushing a button on a computer? Probably a total of the original 500 million, 10 million. And how are they going to do that? Do they have the wherewithal to review 500 million records? They don't have to review them. They're classified, Your Honor. They have founded, inconclusive, and unfounded. That's how they're classified. You're saying that the county controls the CWS CMS database, or is that by the state of California? The county controls the content of the database. The state maintains the database. When you say controls, you just mean what goes in. Who controls what comes out? The county. And the state has nothing to do with that? Nothing at all to do with it. The county can also delete information from CWS CMS? Absolutely, Your Honor. In fact, they did it in Castillo versus the county of Los Angeles that's cited in my brief. That was the settlement agreement. With regard to Mr. Endy, has he asked for another hearing after the court proceedings ended? Asked for another hearing from whom? There's no one to ask for a hearing. L.A. County told him there is no right to appeal your inclusion in CWS CMS because there is no statute, ordinance, or requirement by solid case law, there's a conflict in the courts, that you're entitled to the right to do process for a hearing for inclusion in CWS CMS. After, well, Mr. Kai had a hearing. He went through a process. He went through a written mandate, yes. In order to get himself removed from the CACI database? Yes, Your Honor. Well, why can't Mr. Endy do the same thing? Well, wait a minute. Mr. Endy is a whole different issue. Mr. Endy had two full adjudicatory hearings. He had a superior court judge who ruled not once, but twice, that he didn't molest his children. It's clear. There's no reason, and the statute doesn't even allow for that kind of a hearing. That's where you go when you can't resolve it at the administrative level. That argument is like saying, well, okay, this court's going to rule that Mr. Endy should not be in the database. He's not required to have a hearing. Is it too late for him to have a grievance hearing to challenge his inclusion in the CACI? Under the statute, it is. That raises the whole question is, when does the time run? When he wasn't notified that he was in it the first time. Or the second time when he was notified he was in it, and does that say that no matter what this court rules, that a social worker can now come back and say, well, I haven't decided, so I think you should have a CACI hearing to decide whether you should get out because the court's opinion could be wrong. I'm confused still about a basic point. Go on. After this hearing, assuming that the Ninth Circuit does not give you the relief you requested, and that's just a hypothetical, can Mr. Kai or Mr. Endy or anybody else then petition the County of Los Angeles to remove them from the CWM CMS database on the grounds that their CACI entry has been found unsubstantiated or unfounded? Who do they? They can't petition. No. The County of Los Angeles has clearly stated in the records there is no mechanism for review of inclusion in the child welfare system case management system because there is no law, statute, or ordinance mandating it. So then would there be a review to the state court to order the county to remove someone? Let's say John Doe is listed in the CACI system. It's then determined that those matters are unsubstantiated or unfounded. They're not removed from the CACI system, but they'd already went over to CWM CMS. Now John Doe asks the county, will you please ensure that you remove me from the system because it's unsubstantiated and unfounded? Assuming that the county then says, nope, sorry, we don't have statutory authority, can that person, John Doe, then go to state court in California? What would they ask and what would happen? I would think that they would have the right to file a lawsuit in federal or state court under denial of due process of the right to contest inclusion in the databases. That's all they can do, and that's what we did in this case. And there's no administrative procedure at all within the county or the state? It would be very helpful if you just wait until we get our question out. The light turned red. There's no administrative procedure within the county or the state to either ask for that removal if a matter has been found unsubstantiated or unfounded or to seek review of a denial of that decision? First, there is no administrative review. There is no due process right as stated, and you are put into CWS CMS first. That's what generates the referral. That's fine. And I'd like to reserve a couple of minutes for rebuttal, please. All right. Thank you. Good morning, Your Honors. If it may please the Court, my name is Avi Berkowitz. I represent the county defendants in the CHI matter. If there's any questions on the ND matter, my colleague will handle that, and I think we'll split the time evenly if all things being equal. How about the John Doe matter? Yes. Where John Doe was accused of child abuse. His name ends up in CWM CMS, then in CACI, then goes through a hearing and is determined that that allegation is unfounded and unsubstantiated, presumably that they're removed from CACI, right? Right. Now, does John Doe's name remain in that status in CWM CMS? And if so, what can John Doe do about it? The name remains there because it is a history of a private database system, but there is a policy that requires that the name will be updated to say that the CACI hearing went forward and the allegations are unfounded. So that's what happens. And is there any way for John Doe to verify that what is supposed to have happened in fact happened, namely the system's been updated in CWM CMS? As far as I know, I don't believe there is an administrative way for him to find that out, but clearly that would be the way it would be in terms of the system being done, and then that would be it. I'm not following you. So what should John Doe do? John Doe is applied to the school district for a job. He's been told, sorry, we're not even going to consider your application. And now John Doe is worried that it might not have been updated in CWM CMS, that the allegations against him were unsubstantiated and unfounded, according to a finding. What can John Doe do? Well, there is a, can I, I have to at least a foundational aspect address, and that is we're making the assumption that the schools have some type of access to this, as counsel was claiming. There's a system of privacy for these records under WIC, W-I-C 827, that these documents, these materials are not disseminated. The briefs in the record clearly reflect, even counsel admits, this is private. Schools are not going to know this. Schools do not have access to this. Where do we go to to figure out who has access to this CWS CMS? The 827, the WIC 827, which identifies that this is materials, matters that are juvenile court documents that are limited to social workers and county agencies that deal with social workers. Counties, not just the county of Los Angeles, every county of the state of California, that they have this system that social workers, child protective social workers, deal with this. That is their data system. So if John Doe applies at the L.A. County Unified School District for a position, that school district has no access, we'll never find out whether or not John Doe was or is or is not listed in CWS CMS. That's right. And if he would, then there would certainly be a breach and there would be some kind of breach and there would be some other privacy remedies that they could say, my privacy rights were violated under WIC 827. That's a separate thing than CAC, Your Honor. CAC is a different issue. And if John Doe applied for a job with a county, with a county, a county that has an MOU with the operation, would the county then be able to find out whether or not John Doe is listed in CWS CMS? Well, no. If he applied for a Department of Children and Family Services, I suppose that potentially yes, but there are over 50 departments in the county of Los Angeles. So if he applied to be working in Department of Probation or something, Department of Health Services, I don't see how. There's no MOU that allows an agency or department within an agency to access CWS CMS unless they're statutorily authorized, is there? As far as I'm aware. I mean, I'm not aware of that being the case where anybody can just access anything just because the county of Los Angeles Department of Children and Family Services has access. So anybody can now just access it wherever they want. So what's the purpose of CWS CMS and how is it used? Okay. The purpose is specifically to have a database system where if there is, let's say, let's take the example, there's a child, there's a hotline, there's a call to the hotline that there's a child who's in danger. May be true, may not be true. There's a social worker who is assigned out to go investigate that call. That social worker now takes information, makes a decision whether that needs to be elevated to the next. That social worker may find it to be unfounded. And this is where the whole argument falls apart for the other side. Let's say they go out and they find that that call was unsubstantiated, unfounded, like the end result of this case. Should that person be purged from the record? Would that person, how would somebody know that it was unfounded? I mean, the whole thing doesn't make sense. Are you supposed to just purge everything? Because what happens when the next time there's another call and that's also unfounded? The person, the social worker who was assigned wants to look at the history. Was there another call back then? Was there another unfounded call? Well, I have to admit I was a little bit confused by the plaintiff's argument as to what the ultimate remedy that they were seeking for. But I thought counsel had clarified today that really what she's seeking for is not a purge of the names altogether from CWSCMS, but to ensure that the corrections are properly made so that people who shouldn't have access or unfettered access, as counsel put it, it's not held against somebody. So if a claim is unsubstantiated to verify, have the ability to verify, and have a process to challenge the inclusion of information, not a purge of the fact that a call was made, somebody went out, it's inconclusive, it's substantiated, it's unsubstantiated, but whatever information ends up being the ultimate conclusion that that's updated properly. Well, Your Honor, not to be evasive, I will answer your question. But let me at least, again, establish here something that with respect to this matter that the Court just raised, that's not in the complaint. Actually, what counsel alleged and why the Court is probably confused is because that's what was alleged in this case in this complaint that led to the dismissal was specifically a purge, a specifically modifying and altering and making sure this person is no longer in the system, which is absurd. Now I'm going to address the Court's specific question. In terms of administrative remedies, I mean, how are we going to even have that? You have a private system that allows for this. So that means that every single time there's a call, a hotline, a person is going to go out there, we're going to have an administrative review to make sure that is this person on the system, is this person not on the system, what happened, what didn't happen. The whole system is geared towards a juvenile court privacy of documents, and we're going to create an administrative remedy for something that is private. The issue here is what is the harm to the person if the person is saying, well, the school, this is publicly disseminated information. Okay, you've got a violation of your right to privacy. You have a due process. Fine, go ahead and file a claim for due process on that basis. But here what's being alleged is I'm in a data system which is specifically designed to make sure, and it's a state system, by the way. The county of Los Angeles didn't invent this. A state system that is designed for each of these child protective services to have a system where they can monitor and protect children from harm. That's the purpose of the system. I asked Appellant's counsel what can John Doe do to ensure that the system has been updated. I'm not sure if I asked you if I did. I apologize. He did, Your Honor. Then I'm not sure. And are you telling me that there's nothing that John Doe can do to ensure that the CWS, CMS system, has been updated with the latest CACI information? John Doe can certainly get his records any time he wishes to file an 827 petition and get juvenile court documents. And I suppose once he gets the documents, he would see that his name has been updated. But if you're asking me, Your Honor, I don't want to be very clear and be transparent here. Is there an administrative basis to do that? I can't say there is. But I can say that there's a policy, and the policy is followed. It was followed in this case. The CACI name was reviewed, and then the system gets updated. That's the best I can answer on. Okay. All right. No, but how does John Doe know that it's been updated? Well, John Doe should know because, clearly, that matter has been remedied. The system has been updated, whether it's, you know. I know the policy, as you explain it, says that should be done. But how does John Doe know that it's been done? How does he learn that? He would only learn that, I suppose, by filing a petition for updated records or finding out through his dependency counsel or whoever it was. But there is not a mechanism for that. And, again, not to be evasive, but to answer that question, just like anybody else who has an investigation done, a hotline called, how are they going to know? How are they going to? I mean, how is someone going to know what the police document with respect to their investigations? I mean, things like that. With whom does John Doe file that petition for updated records? It would be with the juvenile court. And I should also add that in this case is what we're looking at is, and I understand there's a broader aspect, but we're looking here at specifically this complaint. We're talking about look at the individuals who were sued in this case, because that's important. How do you have liability unless you go as to the individuals who were sued? You have three hearing officers who were sued. They're basically being sued because they made a decision. Had they even made a decision in appellant's favor, the name would still be there, whether it was unfounded, founded. You're being sued as just doing a hearing. That makes no sense. And the investigator is being sued for being a witness. So where is the liability as to the county as at least the way it is? There is no basis in this complaint to attach any liability. That is what we need to come around here to. Or the court, the district court, specifically know that. Yes, Your Honor. Even if we think that these allegations in the present complaint are deficient, has the plaintiff had an opportunity to amend? She has not had an opportunity to amend, but because she, the way the complaint was alleged, as I've alluded to earlier in terms of the remedy being sought and in terms of what she claims in this case, the court found that there was no way to cure and for an amended complaint, and therefore, I don't believe there was an abuse of discretion on the allegations that were alleged in that case. With regard to Mr. Endy, or that's co-counsel's job. Yes. All right. I have nine minutes on this clock, and I can serve him up here. So I'll take a seat unless there's something specific about Kai.  Thank you. Good morning, Your Honors. May it please the Court. Scott Carpenter on behalf of the appellees in the James Endy matter. Your Honors, a point of clarification. I think Mr. Berkowitz made most of the points perfectly, but one point of clarification, Judge Simon. I think one of your questions was about county access if they were in a hiring situation with respect to CWS CMS files. I would point out that DCFS itself does not even search CWS CMS when it's making its own internal hiring, firing, and promotional decisions. It does what state law mandates most government agencies and public and private employers under CANRA, which is to check criminal background histories and DOJ records and CACI. So I would just make that point of clarification. If Mr. Endy wanted to confirm for himself that his records from CACI had been updated correctly, according to what your co-counsel has just said, he would file a petition for updated records with juvenile court. Do you know whether Mr. Endy has done that? My understanding, Your Honor, is that he has not filed such a petition. I think the issue of what's Mr. Endy's or what John Doe's remedy is, if they want to see if CWS CMS has been updated. I think a point of clarification is that the updating of CWS CMS does not implicate due process under Humphreys. Humphreys just requires notice and some opportunity to be heard. And this issue comes up a little bit in the Endy matter, sort of the alleged duty to update CACI and these other databases. While that is provided under CANRA, under Penal Code Section 11169, as well as DCFS policy, there is a requirement that they do update it. Due process isn't implicated, and I think you're getting to a point where if you're requiring or extending Humphreys to that point, you're imputing a negligence standard into the due process. Would due process require that there be some system of allowing a person to check to see if the information about that person has been correctly updated? Well, I think to the extent that information is stigmatizing, such as substantiated allegations that are contained in both CACI and CWS CMS, notice is provided because you're provided notice that you're listed on CACI. And that notice will also let you know. So if you have notice from CACI that stigmatizing information about you is there, you have your hearing, you then get it corrected, it is now ruled it has been unsubstantiated or unfounded, it should be updated if the system works well into CWS CMS, do you have a due process right to confirm that the system now in fact has worked as intended and the system has been updated? I don't think so, Your Honor. I don't think that's what Humphreys extended due process to. I think that's more of a, if you fail to breach a duty to update a database, I think that, as I said, that's a negligence standard. Why shouldn't due process require that? Now, maybe not, you know, unless there's a request. But if there's a request to ensure that information has been updated and corrected now, why shouldn't there be a due process right? Because this information is stigmatizing and erroneous if not updated. Well, I think, Your Honor, if someone is to petition through Section 827 to find the updated records, that's the process through which. Otherwise, I think simply reaching out to the Department is also, you know, it's a low-tech remedy, but. Does the Department provide a response, an informal response? Say, hey, you know, I really want to make sure I'm off the system. Does the Department send a letter confirming that we've updated it? Well, I don't know of any formal procedure or policy related to that. I know that individuals who are investigated. When you say no formal procedure, that means there's no procedure at all. I don't believe, I'm not aware of a formal procedure for that. Well, you would be, wouldn't you? You represent the county. Absolutely, Your Honor. And when you refer to the 827, Section 827 procedure, I mean, is that the same as what we just heard about? That's, you can file a petition for updated records with juvenile court, and that will tell you whether or not CWS-CMS has been updated. Right, Your Honor. Okay. That should be. So that's the procedure. Yeah. And so I think the court should really, when it's looking at CWS-CMS, it really should pay attention to distinguishing between substantiated and inconclusive. Now, Mr. Endi's situation, he hasn't had a grievance hearing, right? That's correct. His State court proceedings were ongoing, so once the State court proceedings were concluded, he was told that he had an opportunity now to have a grievance hearing, and as I understand the record, he never went through with that. You're right, Your Honor. Mr. Endi was listening. But is it too late? I think counsel said now it's too late. Well, I would say that Mr. Endi has never alleged that he sought a khaki grievance hearing after the juvenile court proceedings ended, nor has he ever alleged that he was going to seek a khaki. Can he still? Your Honor. As the procedure stands? I would think so, and in the interest of full disclosure, I believe that my understanding is that Mr. Endi has been removed from khaki by the county, and that was earlier. Through this grievance process or on its own? On its own. I see. Because Mr. Endi, as we've laid out in the briefs and as the district court correctly noted, that Mr. Endi, after the juvenile court proceedings ended and the juvenile court came to its rulings dismissing the abuse allegations, Mr. Endi never took advantage of the due process mechanism that was available to him. And that failure to allege taking advantage of that process is dispositive to his claims, especially his khaki claims. And it still goes to his CWSCMS claims because, as in Prasad, the Ninth Circuit a year ago said that khaki hearings, although there's no separate mechanism for CWSCMS, khaki hearings do provide the forum through which you can challenge the factual basis of substantiated allegations. And so I would point out that Mr. Endi cannot maintain his Section 1983 procedural due process claims because of that fact that he did not allege that he took advantage of the due process mechanism available to him. Now, with respect to CWSCMS, as I said, substantiated allegations after the juvenile court proceedings should be updated to reflect that the juvenile court found them to be unfounded. Now, I think it's worth pointing out, because an issue came up as to the sort of governmental interest in maintaining those, because as I hear Ms. Weisberg, removal of information from CWSCMS seems to be the primary concern, or that's as I interpret it. And I think it's worth pointing out to the court that if we go down the road of CWSCMS, even if it's non-stigmatizing information, such as an unfounded allegation, we're getting to a point where we might severely be hindering the governmental interest in protecting children. CWSCMS is a restricted confidential investigatory file database, and it's designed so that children don't fall through the cracks. We want our caseworkers to have all of the relevant information available to them to make the very important decisions they make on a day-to-day basis with respect to child welfare and child safety. And unfounded allegations and inclusive allegations serve that purpose because it allows a caseworker to be able to assess the situation. And the information isn't necessarily incriminating. Roberts. So you're saying that a caseworker would want to know, and we would want a caseworker to know, that someone has had multiple unfounded allegations against them. As part of that caseworker's decision, how much more should that person be digging before putting a child in that person's hands? That's absolutely right, Your Honor. And it's not necessarily, not every flag is a red flag. The information can also be exculpatory. If you have a disgruntled neighbor who's continually filing unfounded allegations against you, that's something you want caseworkers to know about. You also want caseworkers, as Humphreys recognized, and I'm out of time, just to say, Humphreys recognized that law enforcement and local agencies need to be able to take bits and pieces of information to establish patterns in history in order to detect otherwise undetectable situations. Thank you, Your Honor.  Thank you very much, counsel. Your Honor, very briefly, in the case of Mr. Kine, 827 petition is useless. He's not a parent, not a relative, and not a guardian. He has no status in the dependency court, and he's not entitled to seek a petition for anything in that vein. That's number one. He wasn't permitted in the dependency court when the original case was filed. That's number two. Every prior allegation that's unfounded or inconclusive because the neighbor is angry at somebody is a red flag for this reason. The county of Los Angeles uses a sub-database called strategic decision-making, as I outlined in my brief. Just the fact of having prior allegations in CWSCMS raises the risk level substantially, and automatically four or more prior referrals is the highest there is. You're automatically presumed guilty. It requires a higher-level manager in the county to approve closing that referral so social workers won't close them. They will either keep them open and file a petition or try to find a way to get the people to agree to voluntary services. Now, as far as Mr. Indy is concerned, the county never notified him that he got removed from CACI. It was nice if they did it. I haven't seen any evidence of it. And Mr. Indy did demand a CACI hearing. When he found out he was in the database, Mr. Indy did demand a CACI hearing. He was told he couldn't have it. Well, that was while the state proceedings were ongoing, but afterwards he could have asked for one. Well, wait a minute. The court had already ruled twice that he did not molest his kids. Why did he need to wait for the dependency court to finish some issue regarding child custody subsequently down the road a year later to wait to get removed from a database he didn't belong in? How long are you supposed to carry the scarlet letter then? But both counsel talked about the 827 petition. 827 is not restrictive, Your Honor. There are 17 exceptions to 827. You can send the information to other states, to other government agencies. That's how they're using the Family Child Index, as outlined in my brief. In the brief, I specifically identify all of the other agencies that access CWS CMS information on a daily basis. L.A. County requires their employees to check CWS CMS on every new referral. Counsel, when I asked the police counsel how can John Doe find out if their information has been updated in CWS CMS, the response was by filing a petition for updated records with juvenile court. Am I hearing you say that that is not available if John Doe is not a parent or guardian? That's correct, Your Honor. Right. And that's number one. Number two, and if you're not in CACI, you don't have any court proceedings pending, so you can't use any kind of a petition unless you file a court proceeding. So that's a useless way to go. The other issue is Mr. Cai is not a parent, relative or guardian. Even if you find out that the records haven't been updated, there's no manner to address the problem. There's no mechanism to appeal your inclusion or erroneous information. You're tough out of luck. Then, in the case of Mr. Endy, he doesn't need an 827 petition. He is a parent. He is entitled to a copy of his records. He doesn't have to go over except to the Department of Children's Services, sign a form as the parent, and say, I want my file. He's legally entitled to it. But, this is the but, everything is going to come back redacted, and he's going to not have the ability to have any information removed. What do you mean by redacted? What's redacted? The county Department of Children's Services redacts most of the information that's contained in there. They'll redact the reporter's information, statements made by the parties, statements made by the social workers. But can Mr. Endy, as a parent, learn whether or not CWS CMS has been updated to reflect the unsubstantiated, unfounded conclusions from Kecky? Technically, I guess if he had an attorney who's familiar with the system as I am, and where I spent 25 years working for the county, would know how to do it, he could probably figure it out ultimately. But I understand from your answer that you have not done that for Mr. Endy. I did that for Mr. Endy when I first filed the lawsuit, Your Honor. But when the court shut me down at that point. Oh, but you can still do that, right? But what good would it do? Let's say it hasn't been corrected. What would I do then? Refile a new lawsuit saying it hasn't been corrected? Counsel has said they're not under any mandatory duty to correct erroneous information under Humphreys. That's what he sat here and said. Well, who's responsible for correcting it? There's no mechanism to correct it. All right. You're over time. Let me see if the panel has any additional questions. I do. And I know this is unusual, but, Judge Wynn, if I could ask the appellee's counsel to respond to this point, that because Mr. Kai is not a parent, relative, or guardian, he doesn't have standing to file a petition for updated records with juvenile court. So how could he find out whether CWS CMS has been updated? I guess I'll elect myself to talk. And, Your Honor, I'm not a parent, guardian as well. I'm an attorney, and I can file an 827 petition. I have. So then you disagree with appellant's counsel who says only a parent, relative, or guardian can file an 827 petition. Your Honor, I'm representing to you, yes. The short answer is yes. Anything else? Yes. She can file a petition, and she can ask on behalf of someone else or anything. My point is that it's not restricted to that. I have filed 827 petitions all the time as an attorney. You mean for yourself? No, but for records. Well, that's different. You mean have you filed an 827 petition as a lawyer agent for somebody other than a parent, guardian, or relative? No. I'm saying I've been able to get records relating to a matter that I'm handling in litigation. So my point is how is that different here? But the entitlement, does it go beyond parent or, you know, custodian, guardian, or relative? Does it go beyond that? Yes. Are there cases in which you're representing a parent, guardian, or relative? Well, no. In that answer, I mean, no. I'm representing the county, for example, in a case brought by somebody who is suing the county. Oh, I see. So you file a petition on behalf of the county. Correct. Can Mr. Kai – That doesn't give us an answer that, you know, a third person can file a petition. Can Mr. Kai, who is not a parent, relative, or guardian, file an 827 petition and get updated records so he can learn whether or not the information about him and CWSCMS has been updated? I don't see why not. Is it the way I can see it? But, I mean, I cannot tell you for sure. Wait a minute. What's the authority for that? I don't have authority on that other than to say that someone can file an 827 petition. You don't have to be a parent, guardian, or relative for that. That's what I'm saying. Well, let me ask you this. If there is any limitation, where does the limitation to parent, guardian, or relative come from? The limitation on that in terms of the Welfare Institution Code 827 talks about who can file it and who can get records. So you're saying that limitation in the code can be disregarded? No. I'm not saying that. I guess I'm not following. I mean, I'm not saying that it can be disregarded, but I am saying that it's true that in terms of the records and what they relate to, do relate to parents and relatives and guardians. That's true. You're saying there's no limitation as to who can file and seek records under 827? No, no, no. No, that I misunderstood. What I'm saying is certainly someone can file on behalf of someone else to seek records, not just the parent, guardian, or relative. That's all I'm saying. Wait a minute. You can file on behalf of somebody who is not a parent, guardian, or relative? Meaning what I'm trying to say is I can file on behalf of the county to get records relating to a certain person as long as I put in the basis for it, I'm saying. You mean as long as that person is a parent, guardian, or relative? Yes. All right. So you're just acting as the agent of that person? Yes. As a lawyer? Yes. Well, can somebody other than a parent, guardian, or relative file a petition? Not unless, again, there's a need for it in terms of the litigation. Well, if Mr. Kai wants to be satisfied that the information about him has been updated in CWS, CMS, is he going to be able to file a petition and get that answer? And if not, isn't that a due process concern? I don't think it's a due process. Step one, can he do it? Step one is I think he can do it. Okay. That's the best I can do at this point. Step two, if he can't. Right. So let's assume he can't. Okay. I don't think it's a due process violation, again, because what we have here is we have a system in place where someone is just saying because they're in a particular system, they have some kind of due process right at what we have here is a system. A system. Just because your name is in there does not mean that you're violating someone else's due process rights because your name is there. I'm seeing a big disconnect. Is that what Humphrey says? I'm sorry? Is that what Humphrey says? No. What Humphrey does say is that, as the district court noted, that the states have a legitimate interest in keeping materials, information in their database systems, even if they are inconclusive in this case or unsubstantiated even. And that's the difference. All right. We've taken both sides over your time. Thank you very much for your argument. We're going to take a brief 10-minute break before starting the next case. Okay. All rise.
judges: Tashima, Nguyen, Simon